## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JEANINE LEE PETERSON,
MARGARET JEAN STEBBINS, and
AMANDA LYNN PETERSON
as Parent and Next Friend of AIDEN HESTERLY,

      Plaintiffs,

v.                                            Cause No. 1:23-cv-01029-JFR-JMR

AHMED MOHAMED OSMAN,
SHAKTA TRANSPORTATION LLC, and
UNITED PARCEL SERVICE, INC.,

      Defendants.

## DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURY

COMES NOW Defendant United Parcel Service ("UPS"), by and through its attorneys record, Butt Thornton & Baehr, PC (Monica R. Garcia and Charles B. Kraft), and for its Answer to Plaintiffs' Complaint for Personal Injury, states as follows:

    1.    Upon information and belief, Defendant UPS admits the allegations set forth in Paragraph 1 of the Complaint.

    2.    Upon information and belief, Defendant UPS admits the allegations set forth in Paragraph 2 of the Complaint.

    3.    Upon information and belief, Defendant UPS admits the allegations set forth in Paragraph 3 of the Complaint.

4. Upon information and belief, Defendant UPS admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 5 of the Complaint and, on that basis, such allegations are denied by Defendant UPS.

6. In response to the allegations set forth in Paragraph 6 of the Complaint, Defendant UPS admits it is a foreign profit corporation that is licensed to conduct business in the State of New Mexico. It denies all remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendant UPS admits the allegations set forth in Paragraph 7 of the Complaint.

8. In response to the allegations set forth in Paragraph 8 of the Complaint, Defendant UPS admits that as of the date of filing its Answer, this Court has personal and subject matter jurisdiction over the parties, and venue is proper in this Court. Defendant UPS denies that venue is proper in the State of New Mexico, McKinley County, Eleventh Judicial District Court, or that such court has personal and subject matter jurisdiction over the named parties.

**PLAINTIFFS' ASSERTION OF
FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Upon information and belief, Defendant UPS admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant UPS without is without information or belief to either admit or deny the allegations set forth in Paragraph 10 of the Complaint and, on that basis, denies same and demands strict proof thereof.

11. In response to the allegations set forth in Paragraph 11 of the Complaint, Defendant UPS admits, upon information and belief, that Officer Blake Carling responded to the accident and undertook an investigation, part of which was documented in Police Report No. 710629656. Defendant UPS states that such Police Report is the best evidence and speaks for itself. Defendant UPS denies anything set forth in Paragraph 11 of the Complaint that is contrary to such report. Defendant UPS also states that such report cannot be utilized as evidence in this matter, pursuant to statute.

12. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 12 of the Complaint and, on that basis, denies same and demands strict proof thereof.

13. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 13 of the Complaint and, on that basis, denies same and demands strict proof thereof.

14. In response to the allegations set forth in Paragraph 14 of the Complaint, Defendant UPS denies the allegation that it owned the semi-truck that was being driven by Defendant Osman that was involved in the subject collision. Defendant UPS is without information or belief to either admit or deny the remaining allegations set forth in Paragraph 14 of the Complaint and, on that basis, denies same and demands strict proof thereof.

15. In response to the allegations set forth in Paragraph 15 of the Complaint, Defendant UPS denies that, at all relevant times, Defendant Osman was in the course and scope of his employment with UPS. Defendant UPS is without information or belief to either admit or

deny the remaining allegations set forth in Paragraph 15 of the Complaint and, on that basis, denies same and demands strict proof thereof.

16.     In response to the allegations set forth in Paragraph 16 of the Complaint, Defendant UPS denies any and all allegations that lie against it or are intended to lie against it. With respect to the allegations set forth in Paragraph 16 of the Complaint directed to Shakta Transportation LLC, Defendant UPS states it is without information or belief to admit or deny such allegations and, on that basis, denies same and demands strict proof thereof.

17.     In response to the allegations set forth in Paragraph 17 of the Complaint, Defendant UPS denies any and all allegations that lie against it or are intended to lie against it. With respect to the allegations set forth in Paragraph 17 of the Complaint directed to Shakta Transportation LLC, Defendant UPS states it is without information or belief to admit or deny such allegations and, on that basis, denies same and demands strict proof thereof.

**COUNT I – RESPONSE TO PLAINTIFFS' CLAIM OF NEGLIGENCE**

18.     In response to Paragraph 18 of the Complaint, Defendant UPS restates and reasserts its answers to Paragraphs 1 through 17 above, as though fully set forth herein.

19.     the allegations set forth in Paragraph 19 of the Complaint, are assertions of law as opposed to assertions of fact, to which no response is required.  To the extent response is required and such allegations lie against UPS or are intended to lie against UPS, it denies all such allegations.

20.     The allegations set forth in Paragraph 20 of the Complaint are assertions of law as opposed to assertions of fact, to which no response is required.  To the extent response is

required and such allegations lie against UPS or are intended to lie against UPS, it denies all such allegations.

21. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 21 of the Complaint and, on that basis, denies same and demands strict proof thereof.

22. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 22 of the Complaint and, on that basis, denies same and demands strict proof thereof.

23. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 23 of the Complaint and, on that basis, denies same and demands strict proof thereof.

24. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 24 of the Complaint and, on that basis, denies same and demands strict proof thereof.

25. In response to the allegations set forth in Paragraph 25 of the Complaint, Defendant UPS denies any and all allegations set forth therein that lie against it or are intended to lie against it. Defendant UPS is without information or belief to either admit or deny the allegations asserted against Shakta Transportation, LLC and, on that basis, demands strict proof thereof.

26. In response to the allegations set forth in Paragraph 26 of the Complaint, Defendant UPS denies the allegation that it owned the semi-truck that was being driven by

Defendant Osman that was involved in the subject collision. Defendant UPS is without information or belief to either admit or deny the remaining allegations set forth in Paragraph 26 of the Complaint and, on that basis, denies same and demands strict proof thereof.

27. In response to the allegations set forth in Paragraph 27 of the Complaint, Defendant UPS denies any and all allegations that lie against it or intended to lie against it. With respect to the allegations set forth in Paragraph 27 of the Complaint directed to Shakta Transportation LLC, UPS states it is without information or belief to admit or deny such allegations and, on that basis, denies same and demands strict proof thereof.

28. In response to the allegations set forth in Paragraph 28 of the Complaint, Defendant UPS denies any and all allegations that lie against it or are intended to lie against it. With respect to the allegations set forth in Paragraph 28 of the Complaint directed to Shakta Transportation LLC, UPS states it is without information or belief to admit or deny such allegations and, on that basis, denies same and demands strict proof thereof.

### COUNT II – RESPONSE TO PLAINTIFFS' ASSERTION OF NEGLIGENCE AND NEGLIGENCE *PER SE*

29. In response to Paragraph 29 of the Complaint, Defendant UPS states and reasserts its answers to Paragraphs 1 through 28 above as though fully set forth herein.

30. The allegations set forth in Paragraph 30 of the Complaint, are assertions of law as opposed to assertions of fact to which no response is required. To the extent response is required and such allegations lie against UPS or are intended to lie against it, UPS denies all such allegations.

31. The allegations set forth in Paragraph 31 of the Complaint are assertions of law as opposed to assertions of fact to which no response is required. To the extent response is required and such allegations lie against UPS or are intended to lie against it, UPS denies all such allegations.

32. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 32 of the Complaint and, on that basis, denies same and demands strict proof thereof.

33. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 33 of the Complaint and, on that basis, denies same and demands strict proof thereof.

34. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 34, inclusive of subparagraphs a. through h., of the Complaint and, on that basis, denies same and demands strict proof thereof.

35. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 35 of the Complaint and, on that basis, denies same and demands strict proof thereof. Defendant UPS denies that any damages should be assessed against UPS.

36. Defendant UPS is without information or belief to either admit or deny the allegations set forth in Paragraph 36 of the Complaint and, on that basis, denies same and demands strict proof thereof. Defendant UPS denies that any damages should be assessed against UPS.

### COUNT III – RESPONSE TO PLAINTIFFS' ASSERTION OF NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANTS SHAKTA TRANSPORTATION LLC AND/OR DEFENDANT UPS

37. In response to Paragraph 37 of the Complaint, Defendant UPS restates and reasserts its answers to Paragraphs 1 through 36 above as though fully set forth herein.

38. Insofar as the allegations set forth in Paragraph 38 of the Complaint, lie against Defendant UPS or intended to lie against it, UPS denies all such allegations. Defendant UPS is without information or belief to either admit or deny those allegations directed to Shakta Transportation, LLC and, on that basis, denies same and demands strict proof thereof.

39. In response to the allegations set forth in Paragraph 39 of the Complaint, Defendant UPS denies any and all allegations set forth therein that are directed to it. Defendant UPS is without information or belief to either admit or deny the allegations asserted against Shakta Transportation, LLC and, on that basis, demands strict proof thereof. Insofar as the allegations set forth in Paragraph 39 of the Complaint lie against Defendant UPS or intended to lie against it, UPS denies all such allegations. Defendant UPS is without information or belief to either admit or deny those allegations directed to Shakta Transportation, LLC and, on that basis, denies same and demands strict proof thereof.

### PLAINTIFFS' ASSERTION OF DAMAGES

In response to Plaintiffs' assertion of damages in this case, and insofar as the request for damages lie against UPS or intended to lie against it, Defendant UPS denies such allegation, and affirmatively states Plaintiffs are not entitled to receive any damages from Defendant UPS in this matter.

WHEREFORE, Defendant UPS respectfully asks that Plaintiffs' prayer for relief be denied in its entirety.

**<u>DEFENDANT UPS' ASSERTION OF DEFENSES</u>**

Defendant UPS denies any liability to Plaintiffs and pleads the following defenses. In asserting these defenses, Defendant UPS does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim against Defendant UPS upon which relief can be granted.

2. Defendant UPS states that no act or omission on its part, or on the part of any of UPS employees, was the cause in fact or proximate cause of the damages about which Plaintiffs complain.

3. Defendant UPS states there is no basis, either as a matter of law or factually, for submission of joint and several liability or joint venture/enterprise between this Defendant and any other party/non-party.

4. Defendant UPS objects to any assertion by Plaintiffs that the standard of care is different for drivers of different types of motor vehicles, and Defendant UPS states that ordinary care under the circumstances is the proper standard of care under the laws of New Mexico and is the same for all drivers. There is no degree of care under New Mexico law.

5. Defendant UPS state all drivers must pass knowledge, skill and driving tests administered under individual state regulations and licensing authorities.

6. Defendant UPS states all drivers have a duty to exercise ordinary care, at all times, and have a duty to exercise ordinary care for his or her own safety.

7. Defendant UPS states the mere happening of an accident is not evidence any person was negligent.

8. Defendant UPS states that if it were negligent in any way, which is specifically denied, then such negligence must be compared to that of others, whether named herein or not, under the doctrine of comparative fault.

9. Defendant UPS states that if it were negligent in any way, which is specifically denied, then the Plaintiffs and/or other parties and non-parties may also have been negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances, and such negligence proximately caused or contributed to cause the matters complained in the Complaint, thereby reducing the amount of Plaintiffs' damages as to this Defendant by an amount proportionate to such party's and/or non-parties' fault.

10. Defendant UPS states that, to the extent Plaintiffs have failed to mitigate the damages requested in the Complaint, any recovery must be reduced by any such failure.

11. Defendant UPS states the damages to Plaintiffs, if any, were the proximate result of an independent, intervening cause or force, thereby barring recovery herein.

12. Defendant UPS states that no UPS employees breached any duty they may have owed to Plaintiffs, barring recovery herein.

13. Defendant UPS states Plaintiffs have failed to state sufficient facts upon which to base a claim for punitive damages against it.

14. Defendant UPS states Plaintiffs' claim for punitive damages is barred by an absence of intent to act unlawfully, absence of vicarious liability for any such alleged conduct by

employees, absence of ratification or approval Defendant UPS of any such alleged conduct by any of its employees (any such conduct specifically repudiated by Defendant UPS), and the absence of any malicious or willful conduct in gross disregard of Plaintiffs' rights.

15. Defendant UPS state Plaintiffs' claim for punitive damages is barred by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, as well as Article II, Section 13, and Article II, Section 18, of the Constitution of the State of New Mexico, in that, under the facts of this case, any award of punitive damages is not justified and would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

16. Defendant UPS states the alleged negligent actions, which are specifically denied, do not rise to the degree of wanton, grossly negligent, intentional or malicious conduct warranting punitive damages.

17. Defendant UPS states Plaintiffs have failed to state sufficient facts upon which to support any claim for pre-judgment interest against Defendant UPS.

Defendant UPS reserves the right to amend this Answer and to add additional defenses as discovery progresses and additional facts are made known.

WHEREFORE, Defendant United Parcel Service, Inc. prays Plaintiffs' Complaint for Personal Injury and all causes of action asserted therein against it be dismissed with prejudice, for its costs incurred in defending against this action, and for such other and further relief as the Court deems just and appropriate.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Monica R. Garcia*
Monica R. Garcia
Charles B. Kraft
P.O. Box 3170
Albuquerque, New Mexico  87190-3170
Telephone:  (505) 884-0777
Facsimile:  (505) 889-8870
mrgarcia@btblaw.com
cbkraft@btblaw.com
*Attorneys for Defendant*
*United Parcel Service, Inc.*

I HEREBY CERTIFY that on the 1st day of December, 2023, I filed the foregoing electronically through the electronic filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Micharl G. Duran - michaeld@2keller.com
Daniel T. Cornish - dcornish@2keller.com
Samantha L. Drum - sdrum@2keller.com
*Attorneys for Plaintiffs*


*/s/ Monica R. Garcia*
Monica R. Garcia